# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

ELIZABETH CUNNINGHAM,

    Plaintiff,

v.

SHOWPAD INC.,

    Defendant.

Case No.:

Hon.

---

David A. Nacht (P47034)
Grace Cathryn Cretcher
**NACHTLAW, P.C.**
*Attorneys for Plaintiff*
501 Avis Drive, Suite 3
Ann Arbor MI 48108
Telephone: (734) 663-7550
dnacht@nachtlaw.com
gcretcher@nachtlaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Elizabeth Cunningham, by and through her attorneys, NACHTLAW, P.C., hereby brings suit against Defendant Showpad, Inc., LLC, alleging as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action for pregnancy-based sex discrimination and retaliation pursuant the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2201 *et seq*.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims pled herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. This Court also has jurisdiction over the claims pled herein pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of costs, interests, and attorney fees.

4. This Court has supplemental jurisdiction over the state law claims pled herein pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate under 28 U.S.C. 1391(b)(1) and (2), as the Defendant is domiciled in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging pregnancy-based sex discrimination under Title VII of the Civil Rights Act of 1991 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e, which is currently pending before the agency. She will move to amend her complaint in this matter to add analog federal pregnancy discrimination and retaliation claims upon issuance of a right to sue.

## PARTIES

7.   Plaintiff Elizabeth Cunningham ("Plaintiff") is an adult resident of Birmingham, Oakland County, Michigan, and a former employee of Defendant Showpad, Inc.

8.   Defendant Showpad, Inc. ("Defendant") is a multinational corporation providing sales and marketing support services headquartered in Chicago, Illinois, and Ghent, Belgium.

## FACTUAL ALLEGATIONS

9.   Plaintiff was hired by Showpad, Inc. in May of 2021 as Senior Customer Success Manager and was promoted to Principal Customer Success Manager in March of 2022.

10.   Plaintiff worked successfully and without issue for two years, receiving exclusively positive feedback.

11.   This continued until she became pregnant and notified the company of her intention to take maternity leave beginning in September of 2023.

12.   Plaintiff was approved for 6 months of maternity leave, with 2 months covered by short term disability benefits.

13.   Right before she went out on leave, however, to her total shock, she received her first negative feedback in memory, delivered via phone and email by her manager Erin Carr.

14. This feedback was not only completely unexpected by Plaintiff, but also clearly unfair and seemed to have no connection to the reality of her job performance.

15. In her email delivering the negative performance evaluation, Ms. Carr told Plaintiff that she needed to take her maternity leave to "decide if Showpad is really where you want to be."

16. Immediately feeling that she had received unfair and manufactured negative feedback in retaliation for taking maternity leave, Plaintiff prepared and submitted a detailed response prior to her departure, pointing out specifically how the evaluation was unfair and inaccurate.

17. Plaintiff noted that feedback had apparently been stockpiled for months rather than ever being mentioned during her weekly one-on-one meetings with Ms. Carr, and explicitly stated: "I feel like I was given this feedback because I am being forced out/discouraged from coming back from leave."

18. Cementing her fears, after Ms. Carr was replaced as her manager while Plaintiff was on leave, her new manager Leanne Ponzi reached out to her to *again* ask whether she was sure she really wanted to come back.

19. Unfortunately, despite Plaintiff's explicit communication of her fear that she was being discriminated and retaliated against for taking maternity leave, it

4

was indeed immediately clear upon her return to work in March of 2024 that she was a "dead man walking" at Showpad.

20. Plaintiff's customers had been distributed to her colleagues and her book of business had been partially dismantled in her absence, shrinking to half its prior size and leaving her with a significantly reduced job to return to.

21. Before Plaintiff could even get started on what little work she had left to do, however, as she had feared, she was summarily terminated less than a month after returning from maternity leave.

22. After her termination, Plaintiff requested her personnel file from Defendant.

23. Despite having received years of positive performance reviews on which her promotion had been based, the file she received in response contained just a single negative performance review from while she was out on maternity leave in December of 2023, which she had never previously seen.

## COUNT I
### Retaliation in Violation of the FMLA
### 29 U.S.C. § 2615(a)(2)

24. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Plaintiff exercised her FMLA rights by taking maternity leave in September of 2023.

5

26. Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of herein.

27. When Plaintiff returned from her leave, she was neither restored to the same position she had previously held, nor to an equivalent position.

28. Plaintiff then suffered an adverse employment action when Defendant terminated her less than a month after returning from leave.

29. Plaintiff's FMLA-qualifying maternity leave was a factor in Defendant's decision to terminate her.

30. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of her rights under the FMLA, 29 U.S.C. § 2615(a).

31. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant harm, injury, and damages, including, but not limited to loss of income; loss of career opportunities and earning capacity; mental and emotional distress; humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT II
**Pregnancy-Based Sex Discrimination in Violation of the ELCRA M.C.L. § 37.2201 *et seq*.**

32. Plaintiff incorporates the preceding allegations as if fully restated herein.

33. At all relevant times, Plaintiff was an employee and Defendant was an employer as defined by the ELCRA.

34. The ELCRA prohibits discrimination in employment on the basis of sex, which "as used in the [EL]CRA, includes pregnancy and childbirth… the [EL]CRA prohibits discrimination based on pregnancy." *Smith v. Goodwill Indus. of W. Mich., Inc.*, 243 Mich. App. 438, 450, 622 N.W.2d 337, 343 (2000).

35. Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of herein.

36. Defendant subjected Plaintiff to intentional discrimination based on her pregnancy by treating her less favorably than similarly situated non-pregnant coworkers in the terms and conditions of her employment.

37. Bias against pregnancy and motherhood was a motivating factor behind Defendant's discriminatory treatment of Plaintiff, up to and including her termination.

38. Defendant applied its policies and procedures in a manner that discriminated against Plaintiff on the basis of pregnancy, causing her serious and unjustified damage.

39. Based on the foregoing, Plaintiff was subjected to biased, prejudiced, and unfair treatment in violation of the ELCRA.

40. Defendant acted willfully.

7

41. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant harm, injury, and damages, including, but not limited to loss of income; loss of career opportunities and earning capacity; mental and emotional distress; humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT III
**Retaliation in Violation of the ELCRA**
**M.C.L. 37.2201** *et seq*.

42. Plaintiff incorporates the preceding allegations as if fully restated herein.

43. At all relevant times, Plaintiff was an employee and was an employer as defined by the ELCRA.

44. Plaintiff engaged in protected activity by taking maternity leave in September of 2023.

45. Defendant subjected Plaintiff to adverse employment action in retaliation for her protected activity, including but not limited to terminating her employment.

46. But for Plaintiff's protected activity, Defendant would not have taken adverse employment action against her.

47. Defendant acted willfully.

48. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant harm, injury, and damages, including, but not limited to loss of income; loss of career opportunities and earning capacity; mental and emotional distress; humiliation and embarrassment; and loss of personal and professional reputation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute violations of the ELCRA and FMLA;

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff reasonable attorney's fees, costs, and interest;

e. Award such other relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ David A. Nacht
    David A. Nacht (P47034)
    Grace Cathryn Cretcher
    **NACHTLAW, P.C**
    *Attorneys for Plaintiff*
    501 Avis Drive, Suite 3
    Ann Arbor, MI 48108
    (734) 663-7550
    dnacht@nachtlaw.com

Dated: February 27, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ELIZABETH CUNNINGHAM,

    Plaintiff,                                        Case No.:

v.                                                              Hon.

SHOWPAD INC.,

    Defendant.

---

David A. Nacht (P47034)
Grace Cathryn Cretcher
**NACHTLAW, P.C.**
*Attorneys for Plaintiff*
501 Avis Drive, Suite 3
Ann Arbor MI 48108
Telephone: (734) 663-7550
dnacht@nachtlaw.com
gcretcher@nachtlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff ELIZABETH CUNNINGHAM, by and through her attorneys, NACHTLAW, P.C., and hereby demands a trial by jury in the above-captioned matter for all issues so triable.

                                      Respectfully Submitted,

                                      NACHTLAW, P.C.

                                      */s/ David A. Nacht*
                                      David A. Nacht (P47034)

                                              Grace Cathryn Cretcher
                                              *Attorneys for Plaintiff*
                                              501 Avis Dr., Ste. 3
                                              Ann Arbor, MI 48108
                                              (734) 663-7550

Dated: February 27, 2025